ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| ANÍBAL COLÓN SEDA<br><br>Peticionario<br><br><br><br>EX PARTE | KLCE202400630 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.:<br><br>MZ2023CV00823<br><br>Salón: 307<br><br>Sobre:<br><br>EXPEDIENTE DE DOMINIO |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

**Salgado Schwarz, Juez Ponente**

# RESOLUCIÓN EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece el Peticionario, el señor Aníbal Colón Seda (en adelante, "señor Colón" o "Peticionario"), mediante *Moción de Reconsideración* presentada el 4 de septiembre de 2024. Mediante dicha moción, el Peticionario solicita de este tribunal que determine que no existe requisito alguno que lo obligue a presentar declaratorias de herederos como parte del proceso de Expediente de Dominio.

Por los fundamentos que exponemos a continuación, se declara **Con Lugar** la *Moción de Reconsideración* y se devuelve el caso al foro de instancia para la continuación de los procedimientos.

**I.**

El 18 de mayo de 2023, el señor Colón presentó una *Petición de Expediente de Dominio y/o Usucapión*[1] al amparo de la Ley Núm. 118 del 23 de diciembre de 2022, conocida como *Ley para Acelerar los Procesos para Otorgar Títulos de Propiedad bajo el Programa de Autorización de Títulos adscrito al Departamento de la Vivienda* (en adelante, Ley 118-2022).[2] El señor Colón expuso, particularmente, que el bien inmueble objeto de tal petición fue adquirido:

> 6. […] mediante acuerdo verbal de su señora madre, Inocencia Seda Santana en el año 1990 y ese mismo año Doña Inocencia prestó declaración jurada, con fecha del veinte (20) de septiembre de mil novecientos noventa (1990) ante el notario Belford Torres Vélez, bajo el número de testimonio tres mil cuatrocientos veinticinco (3,425) donde reconoce que autorizó al Peticionario a construir su propiedad en el terreno antes descrito. (Anejo B).
>
> 7. La Sra. Inocencia Seda Santana adquirió la antes descrita propiedad de parte de su padre, Juan Seda Vidal, mediante herencia. No existe documento que acredite dicha transacción, pero el Peticionario así lo conoce de propio y personal conocimiento.[3]

El 20 de junio de 2023, el TPI notificó una *Orden* en la cual concedió 30 días al señor Colón para someter los siguientes documentos:

> 1. Declaratoria de Herederos/Relevo Caudal Relicto de
>    a) Juan Seda Vidal
>    b) Inocencia Seda Santana
>
> 2. Documentos fehacientes que evidencien la solicitud y/o denegatoria de beneficios bajo el Programa CDBG-DR/MIT para ayuda a damnificados por eventos naturales como huracanes y terremotos ocurridos en Puerto Rico y evidencia fehaciente que demuestre la ocupación de la residencia por los titulares al momento de los eventos.[4]

---

[1] Apéndice del Recurso, Anejo I, págs. 1-44.
[2] 17 LPRA sec. 1581 *et al.*
[3] Apéndice del Recurso, Anejo I, pág. 2.
[4] Apéndice del Recurso, Anejo VI, pág. 49.

Oportunamente, el 19 de julio de 2023, el señor Colón presentó una *Moción en cumplimiento de Orden Parcial y Solicitud de Prorroga*.[5] En la referida moción, se hizo constar el cumplimiento con lo solicitado en inciso número dos de la *Orden* y, a su vez, se solicitó una prórroga de 90 días para cumplir con el inciso número uno.

Luego, el 4 de agosto de 2023, el TPI notificó una Resolución y Prorroga en la cual estableció que "[n]o se ha cumplido con las ordenes emitidas por el Tribunal. Se concede el término de 90 días para cumplir con todas las ordenes emitidas."[6]

Así las cosas, el TPI emitió el 4 de enero y notificó el 18 de enero de 2024 una *Orden* mediante la cual consignó lo siguiente:

> Habiendo transcurrido el término concedido para cumplir con la orden del 13 de junio de 2023 y notificada el 20 de junio de 2023; y estando el caso incativo [sic] por la parte peticionaria desde el 26 de julio de 2023, se ordena a la parte peticionaria a mostrar causa por la cual este Tribunal no deba imponer sanciones económicas y/o desestimar el pleito ante nuestra consideración. Tenga 10 días perentorios.

En esa misma fecha, 18 de enero de 2024, el TPI notificó una *Orden* que había emitido el 16 de enero de 2024 en la cual dictaminó como sigue:

> Habiendo transcurrido el término más de 60 días sin haber cumplido con la orden emitida el 13 de junio de 2023 y notificada el 20 de junio de 2023, se le concede el termino de 20 días finales a la parte peticionaria para someter los documentos solicitados y cumplir con la orden.
>
> Se apercibe a la parte peticionaria que incumplir con la orden del Tribunal podrá conllevar la desestimación de la acción.

Luego, el 31 de enero de 2024, el señor Colón presentó una *Moción en Cumplimiento de Orden.*[7] Mediante la referida moción, se informó que desconocía el

---

[5] Apéndice del Recurso, Anejo VII, pág. 50-51.
[6] Apéndice del Recurso, Anejo IX, pág. 63.
[7] Apéndice del Recurso, Anejo XIII, págs. 67-70.

paradero, nombres y circunstancias personales de todos los herederos y, por ello, estaba imposibilitado para cumplir con la *Orden*. Argumentó, además, que el caso de epígrafe es uno novel al amparo de la Ley 118-2022. Específicamente, el señor Colón argumentó que el Artículo 13 de la Ley 118-2022 provee un procedimiento expedito de expediente de dominio para perfeccionar los títulos de personas damnificadas por los desastres naturales bajo el Programa de Autorización de Títulos adscritos al Departamento de la Vivienda. Asimismo, argumentó lo siguiente:

> El proceso ante este Honorable Tribunal es precisamente uno sobre Expediente de Dominio, el cual no tiene otro propósito que no sea la creación de la finca y su posterior inmatriculación en el Registro de la Propiedad como una finca nueva. Para cumplir con esta intención el Peticionario ha sometido a la consideración de este Honorable Tribunal una Certificación Registral Negativa que demuestra que el terreno donde vive el Peticionario no consta en las constancias del Registro de la Propiedad, una mensura que evidencia los límites y linderos de la propiedad objeto del presente Expediente de Dominio bajo la Ley 118, un Juramento del Peticionario donde indica que las alegaciones de la Petición son ciertas, se han sometido proyectos de citación dirigidos a las entidades gubernamentales que puedan verse afectadas por la presente Petición, se han sometido proyectos de citación a los colindantes, proyectos de emplazamiento por edicto dirigidos al dueño inmediatamente anterior, a las personas desconocidas o ignoradas que pueden tener algún interés en la propiedad objeto de la presente Petición.[8]

En consecuencia, el 14 de febrero de 2024, el TPI notificó *Resolución* dictando lo siguiente:

> No Ha Lugar. No se da por cumplida la orden emitida el 13 de junio de 2023. Se concede el término de 30 perentorios para cumplir con la orden.
>
> Se apercibe a la parte peticionaria que incumplir con las ordenes del Tribunal conllevará la desestimación de la petición.

Finalmente, el TPI emitió el 5 de abril de 2024 y notificó el 18 de abril de 2024 una *Resolución* en la cual

---

[8] *Íd.*, págs. 69-70.

desestimó sin perjuicio la causa de acción, al amparo de la Regla 39.2 de Procedimiento Civil, 1 LPRA Ap. V, R. 39.2, debido al incumplimiento con la *Orden* notificada el 20 de junio de 2024.[9]

En desacuerdo, el 3 de mayo de 2024, el señor Colón presentó una *Moción Solicitando Reconsideración*.[10] Mediante dicha moción, el señor Colón argumentó la Ley 118-2022 ni la Ley Núm. 10 del 8 de diciembre de 2015, según enmendada, conocida como *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*[11] en adelante, Ley 210-2015), requieren el cumplimiento de la presentación de declaratorias de herederos para establecer una causa de acción de Expediente de Dominio.

Así las cosas, el TPI emitió el 6 de mayo de 2024 y notificó el 7 de mayo de 2024 una *Resolución Reconsideración* declarando *No Ha Lugar* la solicitud de reconsideración.[12]

Inconformes, el 6 de junio de 2024, el señor Colón presentó un recurso de *Certiorari* señalando la comisión de los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL REQUERIR LA PRESENTACIÓN DE UNAS DECLARATORIAS DE HEREDERO LAS CUALES NO ESTÁN CONTEMPLADAS EN LAS DISPOSICIONES DE LA LEY 118 DEL 2022, NI LA LEY DE 210 DE 2015.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA POR DESESTIMAR LA CAUSA DE ACCIÓN DE EXPEDIENTE DE DOMINIO BAJO LA LEY 118 POR ALEGADO INCUMPLIMIENTO CON LAS ÓRDENES DEL TRIBUNAL.

El 16 de agosto de 2024, este Tribunal emitió una Sentencia en la que determinó que el TPI no había cometido el primer señalamiento de error. Así las cosas,

---

[9] Apéndice del Recurso, Anejo XV, pág. 72.
[10] Apéndice del Recurso, Anejo XVI, págs. 73-75.
[11] 30 LPRA sec. 6001 *et al.*
[12] Apéndice del Recurso, Anejo XVII, págs. 76.

el 4 de septiembre de 2024, el señor Colón presentó la *Moción de Reconsideración* que nos ocupa.

**II.**

**A.** *Ley para Acelerar los Procesos para Otorgar Títulos de Propiedad bajo el Programa de Autorización de Títulos adscritos al Departamento de la Vivienda* **(Ley 118-2022)[13]**

La Ley 118-2022 dispone que los solicitantes de los *Programas de Subvención en Bloque para el Desarrollo Comunitario Recuperación ante Desastres y mitigación* (en adelante, "CDBG-DR" y "MIT", por sus siglas en inglés), carecen de titulo o su propiedad no consta inscrita en el Registro de la Propiedad.

Por ello, la Ley 118-2022 tiene el propósito de "*crear trámites expeditos para que las personas que no poseen título de propiedad de su vivienda, […] puedan obtener un título de propiedad que tenga acceso al Registro de la Propiedad*".[14] De manera tal, que flexibiliza y agiliza el proceso de titularidad para lograr la inscripción en el Registro de la Propiedad.

Justamente, el Artículo 13 de la Ley 118-2022 reconoce un procedimiento especial expedito de Expediente de Dominio, Reanudación de Tracto y Usucapión para inscribir la propiedad a favor de los solicitantes de los Programas CDBG-DR y MIT.[15] Además, el estatuto establece que, para iniciar el referido procedimiento, el solicitante debe presentar un escrito juramentado en la sala del Tribunal de Primera Instancia correspondiente. En lo aquí pertinente, el escrito juramentado contendrá lo siguiente:

1) **Certificación de Solicitud de Expediente de Dominio**/Reanudación de Tracto Sucesivo por el

---

[13] Ley Núm. 118 de 23 de diciembre de 2022.
[14] 17 LPRA sec. 1581.
[15] 17 LPRA sec. 1593.

Departamento de la Vivienda **la cual tendrá que cumplir con los siguientes requisitos:**

    i.     Nombre de la persona solicitante que es elegible al Programa CDBG-DR;

   ii.     **Certificación de Titularidad conforme Artículo 3 de esta Ley;**

  iii.     La propiedad de la persona solicitante carece de inscripción registral o de tracto registral; y

   iv.     Firmada por el Secretario de la Vivienda o su representante designado.[16] [Énfasis nuestro]

Ahora bien, el Artículo 3 (c) de la Ley 118-2022 establece la siguiente condición para acogerse a los beneficios de esta:

c) **La Certificación de Titularidad deberá estar acompañada de uno de los siguientes documentos,** según aplique:

    i.     Testamento y Certificación Acreditativa de Testamento expedida por el Registro General de Competencias Notariales de la Oficina de Inspección de Notarías, en la cual se confirme que el mismo no ha sido revocado ni modificado;

   ii.     Documento que acredite que la persona solicitante heredó el título de la propiedad afectada;

  iii.     Declaratoria de Herederos con descripción de los bienes del causante;

   iv.     Si en la declaratoria de herederos o el testamento no se describen los bienes, deberá acompañarse la Instancia o Relevo de Hacienda;

    v.     Orden Judicial o Sentencia del Tribunal concediendo la titularidad o algún interés propietario sobre la propiedad;

   vi.     Escritura de Liquidación de Bienes;

  vii.     Contrato privado de compraventa, cesión o donación'

 viii.     Evidencia de "permiso de uso" o "permiso de construcción" de acuerdo con las leyes y reglamentos aplicables;

---

[16] *Íd.*

ix.     Certificado de Defunción del propietario, en caso de que este haya fallecido;

x.     Certificado de Matrimonio de los propietarios;

xi.     Correspondencia de FEMA cursada a la persona solicitante que acredite que aplicó y recibió Asistencia Individual de FEMA por daños a la propiedad;

xii.     Seguro de propiedad que indique la dirección de la propiedad damnificada;

xiii.     Estado de cuenta expedido por el Centro de Recaudación de Ingresos Municipales (CRIM) con no más de treinta (30) días de expedido;

xiv.     Escritura de Segregación

xv.     Escritura de Cesión

xvi.     Acta de Edificación

xvii.     Escritura sobre Derecho de Superficie;

xviii.     Cualquier otra documentación que pueda ser considerada caso a caso, conforme a las normas y reglamentos que establezcan las Agencias, Corporaciones Públicas, Instrumentalidades y Municipios;

xix.     Cualquiera de los documentos notariales dispuestos en los artículos siguientes;

xx.     En caso de que el solicitante no cuente con ninguno de los documentos de este inciso, podrá utilizar los procedimientos establecidos para asuntos no contenciosos ante notario para recoger la declaración de tres testigos, propietarios colindantes, que acrediten que el solicitante ha habitado el inmueble por el término que esta Ley dispone para la usucapión.[17]

## III.

En la Moción de Reconsideración, el Peticionario alega que no existe requisito alguno que lo obligue a presentar declaratorias de herederos como parte del proceso de Expediente de Dominio. Veamos.

---

[17] 17 LPRA sec. 1583.

Recordemos que el caso de epígrafe es una Petición de Expediente de Dominio presentado al amparo de la Ley 118-2022. Es decir, que es un trámite expedito en el cual el señor Colón debe cumplir con los requisitos de la mencionada Ley 118-2022.

Conforme expusimos, en el ápice II de esta Resolución, el Artículo 13 de la Ley 118-2022 establece que para solicitar un Expediente de Dominio se debe presentar un escrito jurado acompañado de una serie de documentos. Entre tales documentos, se encuentra una Certificación de Titularidad conforme al Artículo 3 de la Ley 118-2022. En particular, el Artículo 3 en su inciso (c) enumera una serie de documentos y señala que la Certificación de Titularidad deberá estar acompañada de *uno* de estos. Del Apéndice del recurso, no surge ninguno de los documentos enumerados en el artículo 3(c). Sin embargo, a tenor con la legislación, el Peticionario puede subsanar tal ausencia con la declaración de tres testigos, propietarios colindantes, que acrediten que el solicitante ha habitado el inmueble por el término que dispone la ley para la usucapión.[18]

Por lo tanto, a pesar de que la legislación no le impone al Peticionario la obligación de presentar declaratorias de herederos junto con la Certificación de Titularidad, sí tiene el deber de presentar, por lo menos, uno de los documentos enumerados y, de no contar con ellos, la declaración de tres testigos a la que hicimos referencia.

---

[18] 17 LPRA § 1583.

**IV.**

Por los fundamentos antes expuestos, declaramos ***Con Lugar*** la *Moción de Reconsideración* <u>únicamente</u> a los efectos de aclarar que el Peticionario no tiene un deber en ley de presentar declaratorias de herederos en el proceso de Expediente de Dominio. A pesar de ello, el Peticionario debe cumplir con el artículo 3(c) de la Ley 118-2022 presentando, por lo menos, uno de los documentos enumerados en dicho artículo o, en la alternativa, la declaración de tres testigos propietarios colindantes, que acrediten que el solicitante ha habitado el inmueble en cuestión por el término que dispone la ley para la usucapión. A esos efectos, se devuelve el caso al foro recurrido para la continuación de los procedimientos conforme a lo aquí expresado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Lcda. Lilia M. Oquendo Solís**
**Secretaria del Tribunal de Apelaciones**